(Reap. Dec. 10017)

AUT CUSTOMS BROKERS, INC., A/C FADEX COMMERCIAL CORP., ET AL. *v*. UNITED STATES

Entry No. 727739, etc.

(Decided June 7, 1961)

*William Whynman* for the plaintiffs.

*William H. Orrick, Jr.*, Assistant Attorney General, for the defendant.

LAWRENCE, Judge: The appeals for a reappraisement enumerated in schedule "B," attached to and made a part of this decision, present the question of the proper value for dutiable purposes of certain automobiles, accessories, and parts thereof.

Said appeals have been submitted for decision on a stipulation of fact, wherein the parties have agreed as follows:

IT IS HEREBY STIPULATED AND AGREED by and between the parties hereto through their respective attorneys, subject to the approval of the Court, as follows:

1. That the imported merchandise consists of automobiles, manufactured in and exported from Germany on the dates herein relevant, and described on the invoices as U.S. Isetta or Isetta 300, 1 tone (one color) and 2 tones (2 colors), and also U.S. Isetta 600 or BMW Isetta 600, 1 tone (one color) and 2 tones (2 colors) together with accessories and spare parts.

2. That on the relevant dates of exportation, there was no foreign, export, or U.S. value, as each of such values is defined in Section 402 (c), (d) and (e) of the Tariff Act of 1930, as amended, for the imported merchandise above described.

3. That on the relevant dates of exportation, the proper basis of value of the automobiles above described was the cost of production, as such value is defined in Section 402 (f) of said Tariff Act, and as stated in Schedule A hereto attached and made a part hereof.

4. That as to the accessories not already included in the cost figures shown in the said schedule and separately appraised, the proper basis of value is the cost of production, which is equal to the value stated on the invoice.

5. That the proper basis of value of the imported spare parts is the cost of production, as defined in Section 402 (f), which is as follows:

Those marked in green ink with the letter "G" are equal to the appraised value.

Those marked in green ink with the letter "F" are equal to the invoice value.

Those marked in green ink with the letter "D" are equal to the invoice value less 6%.

Upon the record before the court, I find and hold that cost of production, as that value is defined in section 402a(f) of the Tariff Act of 1930, as amended by the Customs Simplification Act of 1956, 91 Treas. Dec. 295, T.D. 54165 (19 U.S.C. § 1402(f)), is the proper basis of value for the merchandise in issue and that said value is as follows:

1. As to the automobiles, the applicable value is as set forth in schedule "A," attached to and made a part of this decision.

2. As to the accessories, not already included in the cost of figures shown in said schedule "A" and which were separately appraised, the value is as stated on the invoices.

3. As to the spare parts, the proper values of those marked in green ink with the letter "G" on the invoices are equal to the appraised values; those marked in green ink with the letter "F" on the invoices are equal to the invoice values; and those marked in green ink with the letter "D" on the invoices are equal to the invoice values, less 6 per centum.

As to all other merchandise, the appeals having been abandoned, are dismissed.

Judgment will be entered accordingly.